IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| M21K, LLC,<br>3838 N. Causeway Blvd. #2900<br>Metairie, Louisiana 70002<br><br>  Plaintiff,<br><br>v.<br><br>DEB HAALAND,<br>in her official capacity as Secretary of the<br>United States Department of the Interior,<br>1849 C. Street N.W.<br>Washington, DC 20240;<br><br>THE UNITED STATES DEPARTMENT<br>OF THE INTERIOR,<br>1849 C. Street, N.W.<br>Washington, DC 20240; and<br><br>HOWARD CANTOR,<br>in his official capacity as Director of the<br>Office of Natural Resources Revenue of the<br>United States Department of the Interior,<br>1849 C. Street N.W., MS 5134<br>Washington, DC 20240,<br><br>  Defendants. | Civil Action No. _____ |

## ORIGINAL COMPLAINT

Plaintiff M21K, LLC ("**M21K**" or "**Plaintiff**") brings this action under the Administrative Procedure Act, 5 U.S.C. §§ 701-706, against Defendants Deb Haaland, as Secretary of the United States Department of the Interior, the United States Department of the Interior, and Howard Cantor, as Director of the Office of Natural Resources Revenue (collectively, as "**Defendants**"). Plaintiff challenges Defendants' decisions to deny Plaintiff's refund requests and adjustments, dated September 29, 2017 and April 13, 2020, and associated "requests to exceed," through which

Plaintiff has sought Defendants' refund of principal and interest amounts due to Plaintiff on account of royalty overpayments previously made on federal oil and gas leases located offshore Louisiana for the period of September 2012 through December 2016.

## BACKGROUND AND PRELIMINARY STATEMENT

On May 31, 2017, and September 29, 2017, through its agents and representatives (collectively, as Plaintiff's "**Agent**"), Plaintiff submitted timely adjustments and refund requests to the Office of Natural Resources Revenue ("**ONRR**"), an office within the United States Department of the Interior (the "**Department**"), requesting refunds of federal oil and gas royalty overpayments made. These adjustments and refund requests resulted from Plaintiff's re-computation of its allowable transportation allowances for company-owned pipelines for the period of September 2012 through December 2016 (Plaintiff's "**Original Refund Requests**").

Before submitting the Original Refund Requests and Requests to Exceed, ONRR met with Plaintiff's Agent on various occasions to discuss the proper calculation and methodology for federal royalty transportation allowances, and Plaintiff's Agent thereafter applied ONRR's instruction and guidance to calculate the Original Refund Requests. ONRR representatives were familiar with the Agent's good work, and as a result, ONRR timely refunded principal amounts requested on May 31, 2017. To date, however, Plaintiff continues to await principal amounts requested on September 29, 2017, as well as interest amounts due from all refund requests.

After receipt of Plaintiff's second refund request and adjustments, dated September 29, 2017 (Plaintiff's "**September 29, 2017 Refund Request**"), ONRR again met with Plaintiff's Agent to review and discuss the refund calculations.

But then, on January 2, 2018, ONRR issued Plaintiff a denial letter with respect to Plaintiff's September 29, 2017 Refund Request, erroneously claiming Plaintiff had failed to

provide "the reasons why the payment was an overpayment" (the "**2017 Refund Denial**"). Plaintiff timely appealed that 2017 Refund Denial to the Director of ONRR.

Thereafter in 2018, Plaintiff and ONRR entered into certain extension and tolling agreements to allow for ONRR's continued review of the prior refund calculations, during which time, discussions continued. From those discussions with ONRR and guidance received (including on February 16 and June 1, 2018), Plaintiff's Agent submitted a recalculation methodology to ONRR for review on August 31, 2018. That recalculation methodology increased the total refund amounts requested. Associated with these recalculations, and through its Agent, Plaintiff also timely submitted Forms ONRR-4393, requesting appropriate approval to exceed the fifty-percent regulatory transportation allowance limit (Plaintiff's "**Requests to Exceed**"). Subsequently, to meet the statute of limitations deadlines, on April 13, 2020, and through its Agent, Plaintiff timely and formally submitted its refund request to account for that increased amount (the "**April 13, 2020 Refund Request**").

In both Plaintiff's September 29, 2017 Refund Request and its Plaintiff's April 13, 2020 Refund Request, Plaintiff provided ONRR with all necessary information, including its payor information, a calculation of the refund amount requested, a brief explanation and reasons (in the form previously recommended and approved by ONRR) for the overpayment and resulting refund request, as well as a completed Form CMP-2014 that reversed the originally reported overpayments and reported the correct data.

In addition to the aforementioned denial, on June 24, 2020, the prior Director of ONRR issued Plaintiff an Order to Perform Restructured Accounting (Case No. 18-00085, Order No. OL-01) (the "**Order**"), demanding a recalculation of and identifying new issues with Plaintiff's Original Refund Requests (which included Plaintiff's September 29, 2017 Refund Request) as well

as Plaintiff's April 13, 2020 Refund Request. Plaintiff timely appealed the Order, and it remains on appeal before the Interior Board of Land Appeals (the "**IBLA**" or "**Board**").

Then, in addition to the aforementioned Order, on July 2, 2020, ONRR also issued Plaintiff a denial letter with respect to Plaintiff's April 13, 2020 Refund Request, stating: "ONRR is denying [Plaintiff's] refund request as a result of ONRR's audit, which resulted in an Order to Perform Restructured Accounting dated June 24, 2020 (Order)" (the "**2020 Refund Denial**"). Plaintiff timely appealed the 2020 Refund Denial to the Director of ONRR.

And then, on October 9, 2020, with respect to Plaintiff's Requests to Exceed, ONRR issued Plaintiff various denial letters, stating: "Until the issues identified in the Order [to Perform Restructured Accounting dated June 24, 2020] are fully resolved, ONRR denies your request to exceed the regulatory transportation limit" (the "**Requests to Exceed Denials**"). Plaintiff timely appealed the Requests to Exceed Denials to the Director of ONRR.

On June 7, 2023, the Director of ONRR issued a Decision, consolidating and denying Plaintiff's appeals of the 2017 Refund Denial, 2020 Refund Denial, and Requests to Exceed Denials (the "**Director Decision**"). Plaintiff timely appealed the Director Decision to the IBLA.

In that Director Decision, the Director seemingly affirmed the 2020 Refund Denial and Requests to Exceed Denials on the basis of ONRR's findings made in the Order, as stated on page 2:

> The September 2017 Refund Denial, 2020 Refund Denial, and Request to Exceed Denials are related, involve common parties, concern the same or similar facts and legal issues, and were decided on the basis of ONRR's audit of [Plaintiff's] refund calculation methodology and the resulting audit findings detailed in a June 24, 2020 Order to Perform Restructured Accounting that ONRR's Director issued to [Plaintiff] (Order to Perform).

Also, on page 2, the Director held it is "undisputed, that resolution of [Plaintiff's] appeal of the Order to Perform by the IBLA will ultimately determine the extent to which [Plaintiff] may be

entitled to any refund of previously paid royalties."

But, notably, by letter dated June 8, 2023, ONRR notified Plaintiff that in issuing the Director Decision, the Director did not consider <u>any</u> of Plaintiff's arguments demonstrating errors in the Order, nor did the Director consider <u>any</u> of Plaintiff's arguments and evidence demonstrating predetermination and various biases and bad faith in ONRR's review and procedures before issuing the denials as well as the related Order.

Further, also on page 2 of the Director Decision, although the Director seemingly affirmed the denials on the basis of findings made in the Order, the Director also recognized, "[Plaintiff's] appeal of the Order to Perform remains pending before the IBLA." Indeed, as of the date of this filing, that appeal continues to remain pending at the IBLA. The IBLA retains jurisdiction over the Order, and no final decision has been reached regarding the Order.

In sum, Plaintiff's appeals of the Order and Director Decision remain pending at the IBLA. However, because the Director Decision decided and consolidated various proceedings, Plaintiff and ONRR dispute whether the IBLA has jurisdiction over all proceedings, due to what is known as the "thirty-three-month period," in which the Department "shall issue a final decision in any administrative proceeding," subject to extension. *See* 30 U.S.C. §1724(h).

Under 30 U.S.C. § 1724(h), "demands" and "orders" are subject to administrative appeal. Where a demand or order is appealed, the Secretary "shall issue a final decision in any administrative proceeding . . . within 33 months from the date such proceeding was commenced." 30 U.S.C. § 1724(h)(1). This deadline is subject to extension by any period of time agreed upon in writing by the Secretary and the appellant. *Id*. If the Secretary does not issue a decision within the 33-month period, as is potentially the case here and with respect to monetary amounts at or above $10,000, the Secretary shall be deemed to have issued a "final decision," which shall "affirm those

issues for which the agency rendered a decision prior to the end of such period." 30 U.S.C. § 1724(h)(2).

In Plaintiff's appeal of the Director Decision, it is argued the Department, including the IBLA and ONRR, may have lost jurisdiction to review (i) Plaintiff's April 13, 2020 Refund Request due to expiration of the thirty-three-month period, as extended, as early as March 28, 2023 (*i.e.*, even before the Director Decision was issued), as well as (ii) the Director Decision, as a whole, due to expiration of any and all remaining thirty-three-month periods for other proceedings decided therein, as extended, as early as July 23, 2023.

Given the relation between the Director Decision and the Order, and their dependent resolutions, Plaintiff has agreed to further extend all applicable thirty-three-month periods involved in the Director Decision while the Order remains under appeal. As of the date of this filing, however, the IBLA has not yet acknowledged this extension or otherwise resolved the jurisdictional dispute.

Under 30 U.S.C. 1724(j), a judicial proceeding challenging final agency action must be commenced "within 180 days from receipt of notice by the lessee or its designee of the final agency action." Accordingly, Plaintiff files this Complaint as a precaution to remove any and all doubts under 30 U.S.C. § 1724(j) that Plaintiff has timely commenced a judicial proceeding within the 180-day period challenging Defendants' final agency actions – namely and including Defendants' 2017 Refund Denial, 2020 Refund Denial, Requests to Exceed Denials, and Director Decision (collectively, Defendants' "**Final Agency Actions**" or "**Final Decisions**").

That is, under the most conservative calculation of the 33-month and 180-day deadlines, Plaintiff must commence a judicial proceeding within 180 days of March 28, 2023, *i.e.*, by September 24, 2023. Plaintiff notes the IBLA at some point will address the dispute over its

6

jurisdiction. Its resolution may moot this Complaint.

## **SUMMARY**

1.  Plaintiff repeats and re-alleges the allegations in the preceding pages as if fully set forth herein.

2.  Plaintiff hereby brings this action against Defendants under the Administrative Procedure Act, 5 U.S.C. §§ 701-706 ("**APA**"), the Federal Oil and Gas Royalty Management Act of 1982 (30 U.S.C. §§ 1701–59), as amended by the Federal Oil and Gas Royalty Simplification and Fairness Act of 1996 (Pub. L. No. 104-185, 110 Stat. 1700) ("**FOGRMA RSFA**"), the Outer Continental Shelf Lands Act of 1953 (43 U.S.C. §§ 1331, *et seq.*) ("**OCSLA**"), the federal royalty regulations of ONRR (30 C.F.R. Chapter XII, Parts 1200-1299 (2012-2016)), and the Due Process Clause of the Fifth Amendment as well as Article II to the United States Constitution.

3.  Principally, since 1963, the Department has acknowledged lessees of leases issued under the OCSLA are entitled to deduct from the value of royalty the cost of moving production from offshore platforms to sales points on shore. By a stark and unacknowledged change of interpretation, ONRR has reversed course. It retroactively denies Plaintiff refund of, and effectively thus demands Plaintiff to pay, significant sums in royalties (including interest accrued since 2012) on oil and natural gas produced from various Outer Continental Shelf ("**OCS**") production platforms offshore Louisiana and transported by pipelines to onshore sales points. The new interpretation is entitled to no deference, *Kisor v. Willkie*, 139 S. Ct. 2400, 2408 (2019) (no deference to interpretations changing positions on which parties have relied, and no deference to agency interpretations of regulations in the absence of genuine ambiguity), and is otherwise arbitrary, is contrary to law, and results from a failure to follow procedures required by law. The Department's action is final and must be reversed, vacated, or set aside, without remand.

4. Through this action, Plaintiff respectfully seeks review of "deemed-final" decisions affirming Defendants' 2017 Refund Denial, 2020 Refund Denial, Requests to Exceed Denials, and Director Decision (previously defined, as the "**Final Agency Actions**" or "**Final Decisions**"). As noted above, this Complaint is filed for precautionary purposes only, and operates under the assumption the thirty-three-month deadline for these proceedings expired on March 28, 2023, thereby making the foregoing decision each "deemed-final" decisions of the Secretary under 30 U.S.C. § 1724(h)(2).

5. Through this action, and pursuant to the APA, 5 U.S.C. § 706(2)(A)-(F), Plaintiff respectfully requests these Final Decisions be declared unlawful and reversed, vacated, or set aside, without remand.

## JURISDICTION AND VENUE

6. Plaintiff has suffered legal wrong from and is adversely affected or aggrieved by the Final Decisions within the meaning of 5 U.S.C. § 702.

7. As noted above, assuming the thirty-three-month deadlines expired, each of the Final Decisions constitute final actions of the Department and are not subject to further appeal within the agency. *See Continental Resources, Inc. v. Jewell*, 846 F.3d 1232, 1233–34 (D.C. Cir. 2017).

8. This action arises under the APA, FOGRMA RSFA, OCSLA, the federal royalty regulations of ONRR (30 C.F.R. Chapter XII, Parts 1200-1299 (2012-2016)), and the Due Process Clause of the Fifth Amendment as well as Article II to the United States Constitution.

9. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. §§ 2201–02 (declaratory relief), and 43 U.S.C. § 1349(b)(1) (actions arising out of production of minerals on the OCS). An actual controversy exists between the parties within the

meaning of the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.  By operation of the APA, Congress has waived the sovereign's immunity from suit.

10. Venue is proper because each and all Defendants may be found in this district.  43 U.S.C. § 1349(b); *see Superior Oil Co. v. Andrus*, 656 F.2d 33, 41 (3d Cir. 1981) (agencies administering OCSLA can be sued in Delaware because the government "may be found" there).

11. Venue is also proper because the properties from which the cause of action arose are offshore of this district.

## PARTIES AND PROPERTIES

12. Plaintiff is a Delaware limited liability company, headquartered in Dallas, Texas, with registered address at 3838 N. Causeway Blvd. #2900, Metairie, Louisiana 70002.

13. Plaintiff is, and at all relevant times in the past was, lessee of the following Department-administered properties located offshore Louisiana on the OCS, from which this action arose: 540021150, 540024290, 540024330, 540025870, 540028830, 540028850, 540029100, 540035200, 540084830, 540141880, 540171820, 540177540, 540197990, 540247100, 540255610, 540256060, 540271800, 540310400, 540314350 (collectively, the "**Properties**").

14. Further, Plaintiff owns and operates, and at all relevant times in the past owned and operated, oil and gas production platforms on these Properties. The platforms are within offshore oil-and-gas-bearing "fields" designated by the Department.

15. Defendant United States Department of the Interior is a federal executive department of the United States government.

16. Defendant Deb Haaland is the Secretary of the Department and is sued in her official capacity.

17. Defendant Howard Cantor is the Director of ONRR and is sued in his official capacity.

## THE DECISIONS UNDER REVIEW

18. Plaintiff challenges Defendants' 2017 Refund Denial, dated January 2, 2018, denying Plaintiff's September 29, 2017 Refund Request and adjustments. That decision was affirmed by the Director Decision, dated June 7, 2023.

19. Plaintiff also challenges Defendants' 2020 Refund Denial, dated July 2, 2020, denying Plaintiff's April 13, 2020 Refund Request and adjustments. As noted above, assuming the thirty-three-month deadline has expired under 30 U.S.C. § 1724, that decision was deemed affirmed on March 28, 2023. After expiration, and thus without jurisdiction, the Director also affirmed that decision in the Director Decision, dated June 7, 2023.

20. Plaintiff also challenges Defendants' Requests to Exceed Denials, dated October 9, 2020, denying Plaintiff's Requests to Exceed associated with its refund requests. That decision was affirmed by the Director Decision, dated June 7, 2023.

21. Plaintiff also challenges Defendants' Director Decision, dated June 7, 2023, consolidating and denying Plaintiff's September 29, 2017 and April 13, 2020 Refund Requests and adjustments and Plaintiff's associated Requests to Exceed. As noted above, assuming the thirty-three-month deadline expired for (and thus the Department lost jurisdiction over) Plaintiff's April 2020 Refund Request (and by extension Defendants' 2020 Refund Denial) as of March 28, 2023, the Director Decision thus affirmed (and had jurisdiction only to affirm) Defendants' remaining 2017 Refund Denial and Requests to Exceed Denial, as Defendant's 2020 Refund Denial had already been deemed affirmed on March 28, 2023.

22. To further explain, in an effort to clarify potential confusion over these

complexities, as noted above, this action involves several related "administrative proceedings," each of which is subject to its own thirty-three-month period under 30 U.S.C. § 1724, in which the Department shall issue a final decision.

23. For Plaintiff's April 13, 2020 Refund Request (and by extension Defendants' 2020 Refund Denial), it has been argued the thirty-three-month deadline expired and thus a deemed final decision has been issued under 30 U.S.C. § 1724(h), affirming the latest decision rendered as of March 28, 2023, *i.e.*, Defendants' 2020 Refund Denial.

24. For Plaintiff's September 29, 2017 Refund Request (and by extension Defendants' 2017 Refund Denial) as well as Plaintiffs' Requests to Exceed (and by extension Defendants' Requests to Exceed Denials), it has been argued these remaining thirty-three-month deadlines expired and thus deemed final decisions have been issued under 30 U.S.C. § 1724(h) affirming the latest decision rendered as of July 23, 2023, *i.e.*, the Director Decision.

25. Accordingly, assuming all relevant proceedings have expired (except for the Order, which is not yet final) and in an effort to avoid piecemeal complaints while operating under the most precautionary calculation of the 33-month and 180-day deadlines, Plaintiff must commence a judicial proceeding within 180 days of March 28, 2023, *i.e.*, by September 24, 2023.

26. Plaintiff notes the IBLA, at some point, will address the dispute over its jurisdiction. Its resolution may moot this Complaint.

27. Plaintiff seeks to have each and all of the foregoing decisions (previously defined, as Defendants' "**Final Agency Actions**" or "**Final Decisions**") declared unlawful and reversed, vacated, or set aside under section 10 of the APA, 5 U.S.C. §§ 701-706, without remand.

28. The Final Decisions must be declared unlawful and reversed, vacated, or set aside, without remand, for the following reasons.

# COUNT I

## (FAILURE TO ADDRESS EVIDENCE AND ARGUMENTS)

### **VIOLATIONS OF DUE PROCESS, ADMINISTRATIVE PROCEDURE ACT, AND FEDERAL OIL AND GAS ROYALTY SIMPLIFICATION AND FAIRNESS ACT OF 1996**

29. Plaintiff repeats and re-alleges the allegations in the preceding pages and paragraphs, 1 through 28, as if fully set forth herein.

30. The Final Decisions violate Plaintiff's rights under the Due Process Clause of the Fifth Amendment to the United States Constitution.

31. Further, ONRR is required by regulation and statute to conduct its audits following Generally Accepted Government Auditing Standards ("**GAGAS**") set by the Comptroller General of the United States and published in the Government Auditing Standards.

32. Further, by failing to observe procedure required by law, the Final Decisions must be held unlawful. 5 U.S.C. § 706(2)(D).

33. As will become clear once Defendants submit the full and complete Administrative Record in this action, Plaintiff presented various facts and evidence and raised several arguments during ONRR's review of the refund requests as well as during the administrative appeals process, which were ultimately withheld from the Director's review and are otherwise unaddressed by the Final Decisions.

34. The Final Decisions arbitrarily and capriciously fail to address facts in the Administrative Record, including Plaintiff's submitted evidence and arguments.

35. As noted above, the Final Decisions arbitrarily and capriciously affirm ONRR's 2017 and 2020 Refund Denials and Requests to Exceed Denials on the basis of the Order, but without reviewing or addressing Plaintiff's arguments demonstrating error in the Order.

36. For example, the Final Decisions fail to address Plaintiff's arguments

demonstrating Defendants have violated the OCSLA, the FOGRMA RSFA, ONRR's federal royalty regulations, and the APA because, among other things, the Final Decisions' contravene the plain and unambiguous meaning of the regulations they purport to apply, reverse and fail to acknowledge decades of precedent and practice without notice and comment rulemaking, fail to offer legally sufficient reasoning for departing from long-standing practice and interpretation of the regulations, fundamentally alter the terms under which the original leases were entered into, misapply relevant regulations in an unreasonable manner and contrary to purpose, misapply relevant facts, and assert assumptions and conclusions which are internally inconsistent.

37. Further, as noted above, the Final Decisions arbitrarily and capriciously affirm ONRR's 2017 and 2020 Refund Denials and Requests to Exceed Denials on the basis of the Order, but also acknowledge the Order is not final and remains under review and pending at the IBLA.

38. Further, as will become clear once Defendants submit the full and complete Administrative Record in this action, Defendants' Final Decisions were unlawfully premised on predetermination, bad faith, and bias.

COUNT II

(UNEXPLAINED DEPARTURE)

**VIOLATIONS OF THE OUTER CONTINENTAL SHELF LANDS ACT, FEDERAL OIL AND GAS ROYALTY SIMPLIFICATION AND FAIRNESS ACT OF 1996, AND ADMINISTRATIVE PROCEDURE ACT**

39. Plaintiff repeats and re-alleges the allegations of the preceding pages and paragraphs, 1 through 38, as if fully set forth herein.

40. The Department has consistently approved the relevant platform, pipeline, and other transportation allowances requested by Plaintiff through historic appeals, audits, prior instruction, and guidance, and Plaintiff has relied upon the same.

41. It is arbitrary and capricious for Defendants to depart from prior practice,

precedents, and other determinations without sufficient explanation. *See Encino Motorcars, LLC v. Navarro*, 579 U.S. 211, 220–23 (2016) (*Encino I*).

42. Absent explanation, courts will generally be required to find Defendants' shift in policy or interpretation arbitrary and capricious. *See Nat'l Cable & Telecomms. Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 981 (2005) ("Unexplained inconsistency is, at most, a reason for holding an interpretation to be an arbitrary and capricious change from agency practice under the Administrative Procedure Act."). Moreover, as the Supreme Court has explained, an "agency need not always provide a more detailed justification," but "[s]ometimes it must" – for example, when "its prior policy has engendered serious reliance interests." *FCC v. Fox Television Stations*, 556 U.S. 502, 515 (2009).

43. Because Defendants have made a shift or change in policy, they must acknowledge the change and "show that there are good reasons for the new policy." *FCC v. Fox Television Stations*, 556 U.S. 502, 515 (2009). The Final Decision are arbitrary and capricious because Defendants may not fail to acknowledge the change and, in doing so, "depart from a prior policy sub silentio or simply disregard rules that are still on the books." *Id.* (emphasis omitted); *see also Atchison, Topeka & Santa Fe Ry. Co. v. Wichita Bd. of Trade*, 412 U.S. 800, 808 (1973) ("Whatever the ground for the departure from prior norms . . . it must be clearly set forth so that the reviewing court may understand the basis of the agency's action and so may judge the consistency of that action with the agency's mandate.").

44. It is also arbitrary and capricious for Defendants to treat similarly situated lessees differently in royalty valuation. *Indep. Petroleum Ass'n of America v. Babbitt*, 92 F.3d 1248, 1258 (D.C. Cir. 1996).

## COUNT III

### (WITHOUT NOTICE)

### VIOLATIONS OF DUE PROCESS AND ADMINISTRATIVE PROCEDURE ACT

45. Plaintiff repeats and re-alleges the allegations in the preceding pages and paragraphs, 1 through 44, as if fully set forth herein.

46. The Final Decisions violate Plaintiff's rights under the Due Process Clause of the Fifth Amendment to the United States Constitution because Defendants failed to provide fair notice of their counter-textual interpretations of the transportation regulations.

47. The Final Decisions violate Plaintiff's rights under the Due Process Clause of the Fifth Amendment to the United States Constitution because Defendants denied Plaintiff timely access to the very information it required in order to understand the decisions. *See Amoco v. Fry*, 118 F.3d 812, 829 (D.C. Cir. 1997).

48. For example, as noted below, the Final Decisions affirm ONRR's 2017 and 2020 Refund Denials and Requests to Exceed Denials, but none provided Plaintiff with the required explanation of the reasons for the denial. *See, e.g.*, 30 U.S.C. §§ 1702(23), 1702(26), 1721a(b)(3), 1724(b)(1).

49. Further, the Final Decisions are based principally on an *ad hoc* "rule" concerning transportation allowances. By failing to observe notice and comment rulemaking procedure required by law, the Final Decisions must be held unlawful. 5 U.S.C. § 706(2).

## COUNT IV

### (IMPROPER AUDIT)

### VIOLATIONS OF THE ADMINISTRATIVE PROCEDURE ACT AND FEDERAL OIL

**AND GAS ROYALTY SIMPLIFICATION AND FAIRNESS ACT OF 1996**

50. Plaintiff repeats and re-alleges the allegations of the preceding pages and paragraphs, 1 through 49, as if fully set forth herein.

51. ONRR is required by applicable regulation and statute to conduct its audits following GAGAS.

52. Defendant ONRR failed to follow GAGAS before issuing any of its denials or decisions, including the Final Decisions.

53. The Final Decisions arbitrarily fail to address Defendants' arguments and evidence demonstrating ONRR's numerous non-compliances with GAGAS.

54. By failing to observe procedure required by law, the Final Decisions must be held unlawful. 5 U.S.C. § 706(2)(D).

## COUNT V

### (IMPROPER DENIALS AND DEMANDS)

**VIOLATIONS OF THE ADMINISTRATIVE PROCEDURE ACT AND FEDERAL OIL AND GAS ROYALTY SIMPLIFICATION AND FAIRNESS ACT OF 1996**

55. Plaintiff repeats and re-alleges the allegations of the preceding pages and paragraphs, 1 through 54, as if fully set forth herein.

56. As outlined in *Devon Energy Prod. Co. v. Gould*, 421 F. Sup. 3d 1213, 1226 (D. Wyo. 2019) (citing Jane Campbell & Sarah Dicharry, *ONRR's Tools for Compliance I: Data Mining, Compliance Reviews, Audits, and Orders*, 5 ROCKY MOUNTAIN MIN. L. INST. 3 (2018)), "Congress 'established certain prerequisites that ONRR must satisfy before ordering a lessee to revise prior period reports and payments.'"

57. In many ways, Defendants have failed to meet prerequisites and other procedural requirements under FOGRMA RSFA and ONRR's federal royalty regulations, thus warranting the

Final Decisions be held unlawful. 5 U.S.C. § 706(2)(D).

58. The Final Decisions affirm ONRR's 2017 and 2020 Refund Denials and Requests to Exceed Denials, but each did not provide Plaintiff with the required explanation of the reasons for the denial. *See*, *e.g.*, 30 U.S.C. §§ 1702(23), 1702(26), 1721a(b)(3), 1724(b)(1).

59. Further, ONRR's 2017 and 2020 Refund Denials improperly seek to claw-back adjustments, without issuance of a proper "demand" or "order to pay" under 30 U.S.C. §§ 1702(23), 1702(26), 1724(b)(1).

60. Further, ONRR's Requests to Exceed Denials were issued untimely under Plaintiff's extension and tolling agreements, specifically including agreements dated May 29, 2018, September 14, 2018, and May 15, 2020.

61. As noted above, the Final Decisions also rely upon the Order, which does not meet statutory requirements for proper obligation identification, specificity, or reasoning, as required under 30 U.S.C. §§ 1702(23), 1702(25), 1702(26), and 1724(b)(1).

62. The Final Decisions and their reliance on the Order is further unlawful under 30 U.S.C. § 17021a(b)(3) because the Order was not timely provided within 120 days.

63. The Final Decisions and their reliance on the Order is further unlawful under 30 U.S.C. § 1724(b)(1) because the Order seeks to enforce various obligations beyond the seven-year statute of limitations period under 30 U.S.C. § 1724(b)(1).

64. By failing to observe procedure required by law, the Final Decisions must be held unlawful. 5 U.S.C. § 706(2)(D).

## COUNT VI

## (UNLAWFUL DECISIONMAKER)

## <u>VIOLATION OF ARTICLE II OF THE UNITED STATES CONSTITUTION</u>

**65.** Plaintiff repeats and re-alleges the allegations of the preceding pages and paragraphs, 1 through 64, as if fully set forth herein.

**66.** The Director of ONRR, who issued the Director Decision affirming ONRR's 2017 and 2020 Refund Denials and Requests to Exceed Denials, was appointed in violation of the Appointments Clause and the principle of Separation of Powers in the United States Constitution, U.S. CONST. ART. II, § 2; *see Free Enterprise Fund v. Public Co. Accounting Oversight Bd.*, 130 U.S. 447 (2010), and in violation of the Reorganization Act of 1949, 5 U.S.C. §§ 901 *et seq.*

**67.** Further, as noted above, assuming the thirty-three-month deadline expired on March 28, 2023, the ONRR representative, who issued the 2020 Refund Denial, was never properly appointed, and thus upon "deemed-final" decision has acted in violation of the Appointments Clause and the principle of Separation of Powers in the United States Constitution, U.S. CONST. ART. II, § 2; *see Free Enterprise Fund v. Public Co. Accounting Oversight Bd.*, 130 U.S. 447 (2010), and in violation of the Reorganization Act of 1949, 5 U.S.C. §§ 901 *et seq.*

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays the Court:

**1)** Reverse, vacate, or set aside the Final Decisions, without remand;

**2)** Hold the Final Decisions unlawful as arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, contrary to constitutional right, power, or privilege, excessive of statutory jurisdiction, authority, or limitations, or short of statutory right, without observance of procedure required by law, and unsupported by substantial evidence;

**3)** Enter declaratory judgment that the Final Decisions are unlawful, that Defendants

unlawfully disregarded regulations and agency precedent as to the oil and gas production at issue, and that such production must be permitted transportation allowances for costs incurred;

4) Enter declaratory judgment, and to the extent warranted compel agency action unlawfully withheld and unreasonably delayed, that Plaintiff is awarded and to be refunded all principal amounts requested, including interest amounts to the extent permitted by law;

5) Enter declaratory judgment that Plaintiff may retain allowances previously calculated;

6) Award Plaintiff costs and attorneys' fees to the extent permitted by law; and

7) Grant such other relief as may be appropriate in the circumstances.

Respectfully submitted this 22nd day of September, 2023.

/s/ J. Collin Spring
J. Collin Spring,
Designated Trial Attorney
Louisiana Bar No. 40058

**RYAN LAW FIRM, PLLC**
P.O. Box 802882
Dallas, Texas 75380-2882
Telephone: (972) 250-6363
FAX: (972) 250-3599

*Attorneys for Plaintiff M21K, LLC.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2023, I caused to be electronically filed the foregoing **ORIGINAL COMPLAINT** with the Clerk of the Court for the United States District Court for the Western District of Louisiana using the CM/ECF System, which provided service of the same upon all counsel of record.

                                              */s/ J. Collin Spring*
                                              J. Collin Spring